CRÉDITO Y AHORRO PONCEÑO, Plaintiff and Appellee, *v.* JUAN BAUTISTA ARGUINZONIS, Defendant and Appellant.

No. 7524. Argued December 2, 1938.—Decided March 10, 1939.

*M. Guzmán Texidor,* for appellant; *M. Marcos Morales,* for appellee.

MR. JUSTICE TRAVIESO delivered the opinion of the Court.

The complaint in this case contains two causes of action for the foreclosure of two mortgages and follows the ordinary procedure. In the first cause of action it is alleged that the defendant made a mortgage in favor of the plaintiff-bank for $4,567.30 as principal, $200 for interest *until payment in full* at the rate of 10 per cent per annum, and $200 for an additional credit. The due date of said mortgage was June 30, 1934; that said mortgage is duly recorded; that the defendant owes on account of said mortgage $1,500 as principal, $533.65 for interest at the rate agreed upon from February 28, 1931, to September 18, 1934, in other words, a total of $2,033.75; that upon being requested to pay, the defendant has acknowledged the debt but has not paid it neither wholly nor in part; that the mortgage is in full force and effect; that the plaintiff has contracted for the services of an attorney

for $200 to be charged to the additional credit for attorney's fees and costs.

The second cause of action contains identical allegations referring to a second mortgage on the same property. $1,183.75 is claimed as principal, $522.76 for interest at 12 per cent per annum from March 26, 1931, to September 18, 1934, plus $300 for attorney's fees, or that is, a total of $2,006.51. It is specifically alleged that the stipulated rate of interest was 12 per cent per annum "until payment in full."

The defendant filed a demurrer in which he alleges that the complaint does not allege sufficient facts to constitute a good cause of action. Said demurrer was set for hearing and the defendant did not appear to uphold it, but requested five days to file a brief. The plaintiff requested the dismissal of the demurrer as frivolous and that judgment be rendered according to the prayer of the complaint. The court allowed the defendant five days to file his brief. It was never filed. On February 15, 1937, the court dismissed the demurrer considering it entirely frivolous and rendered judgment on the pleadings for the plaintiff. The defendant requested a rehearing, which was denied, and he appealed. We will discuss the four alleged errors in the same order in which they appear in the brief of the appellant.

■■ That the court erred in rendering judgment without deciding the question of law raised by the demurrer; and in rendering judgment for the mere fact that the defendant had not filed his brief.

It is an accepted fact that the defendant did not appear to uphold his demurrer on the date of the hearing, and that notwithstanding the fact that he was given time to file his brief, he let the time go by and did not file it. In the demurrer the court's attention was not drawn to any specific point which would show the insufficiency of the complaint.

It is not true that the lower court did not decide the question of law—the sufficiency of the facts alleged in the com-

plaint—raised by the demurrer. From the judgment appealed from we copy as follows:

"The demurrer filed alleging that the complaint does not state sufficient facts to constitute a good cause of action is entirely frivolous. All the essential facts in a suit such as the present appear in the complaint. It refers to the foreclosure of a mortgage following the ordinary procedure. The complaint is verified. It alleges the obligation entered into by the defendant, and states that notwithstanding the fact that he has been requested to pay, he has not done so, in whole or in part.

"When a demurrer such as this is filed, that is to say, entirely frivolous, judgment should be rendered when requested. *Morales* v. *Iglesias,* 49 P.R.R.———.''

We must dismiss as entirely frivolous and as having no basis whatsoever the allegations of the appellant that he appeared to uphold his demurrer by means of a telegram in which he requested time to file a brief. This allegation might have some basis if the defendant-appellant had filed the brief to aid the court in the decision of the question raised by him. As he did not file the brief, the defendant-appellant was in the same situation as a defendant who does not appear at the hearing showing by his conduct a deliberate intent to hinder and delay the proceedings for the collection of his debts.

 That the court erred in ordering the defendant to pay interests at 10 per cent per annum from the due date of the obligation without it having been proven that the parties agreed to the payment of interests at that rate after the due date.

The plaintiff was not bound to prove anything. He alleged in his complaint that in the mortgage deed the rate of interest at 10 per cent and at 12 per cent had been agreed upon *until full payment had been made.* In filing a demurrer of lack of facts sufficient to constitute a cause of action the defendant admitted as true all the allegations of the complaint. *Gómez* v. *Soto Nussa,* 13 P.R.R. 295, and *Santiago* v. *Clemente,* 31

464

P.R.R. 556. As the defendant did not appear to uphold his demurrer, it was the duty of the lower court to grant the motion of the plaintiff requesting that judgment be rendered in his favor when the law has been complied with as in this case, that is, the evident frivolity of the demurrer and the indisputable sufficiency of the complaint. *Mora* v. *Rivera,* 25 P.R.R. 457; *Muñoz* v. *El Zenit,* 27 P.R.R. 27; *Morales* v. *Iglesias Silva,* 49 P.R.R. ____; and *Zaragoza* v. *Santiago,* 51 P.R.R. ____. See *Goico* v. *Rodríguez,* 28 P.R.R. 492.

The third allegation of error should be dismissed.

■ The fourth error refers to the sufficiency of the facts alleged in the second cause of action, and as a specific insufficiency it is alleged that the complaint states that the amounts owed by the defendant are represented by certain promissory notes, but it does not state by whom they are signed nor in favor of whom they are issued. This alleged error should be dismissed as absolutely lacking of any merit whatsoever. The plaintiff was not bound to make any such allegation in regard to the existence of the promissory notes. A promissory note is nothing more or less than evidence of an obligation. The allegation of which the appellant complains might be eliminated as surplusage and more than sufficient facts would remain to sustain the second cause of action.

For the reasons set forth the judgment appealed from should be affirmed.

Mr. Chief Justice Del Toro took no part in the decision of this case.